## FULWILER *v.* ZERN.

SCHOOL FUNDS, INTEREST ON.—*Sinking Fund.—Statute Construed.*—The act of February 24th, 1871 (Acts 1871 p. 6), providing for the distribution of the sinking fund to the several counties, and that all loans hereafter made by the

auditors and treasurers of such counties shall be at the rate of eight per cent. per annum, does not apply to loans of school funds other than the sinking fund.

SAME.—*Title of Act.*—The title of said act embraces only the subject of the sinking fund.

APPEAL from the Miami Common Pleas.

WORDEN, C. J.—Mandate by the appellee against the appellant. Judgment for the plaintiff below.

The question in the cause is, whether the act of February 24th, 1871, providing, amongst other things, for the distribution to the several counties of the sinking fund, fixes the rate of interest to be charged, by the proper county officers, on the loan of other school funds; or whether the rate fixed by the act in question is confined to loans of the sinking fund. The latter was held to be the case by the court below.

The following is the title to the act:

"An act to amend the sixth section of an act to provide for the custody and management of the notes, bonds, and mortgages arising directly out of loans heretofore made by the Board of Sinking Fund Commissioners, to continue in force all laws or parts of laws in force on the 20th day of January, 1867, which are applicable to said loans and the securities therefor; to clothe the Auditor of State with powers, and subject him to the duties in relation to said loans and securities therefor, which by said laws are vested in or imposed upon said Board of Sinking Fund Commissioners; to provide for the incidental expenses of the management of said loans and securities, including clerk hire, and for the modes and payment for such allowance for expenses, substituting the seal of the Auditor of State for that of the Board of Sinking Fund Commissioners, and declaring an emergency for the immediate taking effect of this act, and providing for the Auditor of State to execute bond and payment of all moneys into the state treasury, and adding supplementary sections thereto."

The first section of the act provides for a distribution of

Fulwiler *v.* Zern.

the sinking fund amongst the several counties of the State.

The second provides for a loaning of the fund by the respective county auditors, and treasurers on real estate security, in the same manner and subject to the same conditions as other common school funds.

The third section is in these words: "All loans hereafter made by said auditor and treasurer shall be at the rate of eight (8) per cent. per annum."

We need not inquire whether the third section, viewed without reference to the title of the act, should be construed as applicable to all the school funds to be loaned; or whether it should be held as applicable to the fund only which constituted the subject-matter of the legislation, viz., the sinking fund. It is very clear that the title to the act is not broad enough to cover any legislation in reference to any other than the sinking fund. The whole scope of the title has reference to the sinking fund only; and legislation under that title in reference to the other school funds would undoubtedly be void on constitutional grounds.

Where a statute admits of two constructions, one of which violates and the other harmonizes with the constitution, it should receive the latter construction.

We therefore hold that the third section of the statute, fixing the rate of interest, should be construed as having reference to loans of the sinking fund only; and that the laws fixing the rate of interest on the loan of other school funds are in no way modified or affected thereby.

The judgment below is affirmed, with costs.

*N. O. Ross* and *R. P. Effinger*, for appellant.

*W. W. Rose*, for appellee.